Objection Deadline: February 16, 2006 4:00 p.m. (EST)

KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022-4611
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Richard M. Cieri (RC 6062)
Matthew A. Cantor (MC 7727)

Counsel for the Debtors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) |
| | ) Chapter 11 |
| Calpine Corporation, et al. | ) |
| | ) Case No. 05-60200 (BRL) |
| Debtors. | ) Jointly Administered |
| | ) |

## NOTICE REJECTING CERTAIN EXECUTORY CONTRACTS

PLEASE TAKE NOTICE that, on December 21, 2005, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed a motion (the "Motion") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), seeking entry of an order, *inter alia*, approving procedures for the Debtors' rejection of certain unexpired leases of non-residential real property (the "Leases") and other executory contracts (the "Contracts"), from time to time, deemed unnecessary and/or burdensome in the Debtors' business judgment, pursuant to 11 U.S.C. §§ 365(a) and 554.

PLEASE TAKE FURTHER NOTICE that, on December 21, 2005, the Court entered an Order (the "Order," a copy of which is attached hereto as **Exhibit B**) approving procedures for the rejection of Contracts and Leases (the "Rejection Procedures"), in furtherance of the Debtors' reorganization efforts. Pursuant to the Rejection Procedures and by this written notice (this "Notice"), the Debtors hereby notify you that they have determined, in the exercise of their business judgment, that the Contracts and/or Leases set forth on **Exhibit A** attached hereto are unnecessary and/or burdensome to the Debtors' ongoing business operations and are hereby rejected effective as of the date of this Notice.

Should a party in interest object to the proposed rejection by the Debtors of a Contract or Lease, such party must file and serve a written objection so that such objection is filed with the Court and is <u>actually</u> <u>received</u> by Debtors' counsel no later than ten (10) days after the date the Debtors serve the Notice at:

K&E 10950148.1                                             Exhibit 1-A

| | |
|---|---|
| Kirkland & Ellis LLP | Kirkland & Ellis LLP |
| Attn: Matthew Cantor, Esq. | Attn: Bennett Spiegel, Esq. |
| 153 E. 53rd Street | 777 South Figueroa Street |
| New York, New York 10022-4611 | Los Angeles, CA 90017 |

Moreover, any such objection must be <u>served</u> no later than ten (10) days after the date the Debtors serve the Notice on all notice parties on the attached **Exhibit A** and all Service Parties (as that term is defined in the Order); <u>provided</u>, <u>however</u>, that any such objection need not be served on any contract counter-party, landlord(s), lessees or other parties in interest to an executory contract, lease, or sublease that are not the subject of such objection.

Absent an objection being filed within ten (10) days of the date the Debtors serve the Notice, the rejection of such executory contract, lease or sublease, or interest in such executory contract, lease or sublease, shall become effective (the "Rejection Date") on the date of this Notice without further notice, hearing or order of this Court.[1]

If a timely objection is filed that cannot be resolved, the Court will schedule a hearing to consider the objection only with respect to the rejection of any executory contract, lease or sublease, or interest in such lease or sublease, as to which an objection is properly filed and served. If the Court upholds the objection and determines the effective date of rejection of such executory contract, lease or sublease, or interest in such lease or sublease, the date the Court determines shall be the Rejection Date. If such objection is overruled or withdrawn or the Court does not determine the date of rejection, the Rejection Date of such executory contract, lease, sublease or interest in such lease and/or sublease shall be deemed to have occurred on the date of this Notice.

**Upon the rejection of an executory contract, lease or sublease, or interest in such lease or sublease, all affected parties to such rejected executory contract, lease and/or sublease, or interest in such lease or sublease, shall be required to file a rejection damages claim, if any, by the later of (i) the claims bar date established in these Chapter 11 Cases, if any; and (ii) thirty (30) days after the Rejection Date (as determined by the above Rejection Procedures) (the later of which constituting the "Deadline").**

Proofs of claim should conform substantially to Form No. 10 of the Official Bankruptcy Forms and must be <u>received</u> on or before the Deadline by:

---

[1] An objection to the rejection of any particular Contract or Lease listed in the Notice shall not constitute an objection to the rejection of any other contract or lease listed in the Notice. Any objection to the rejection of any particular Contract or Lease listed in the Notice must state with specificity the Contract or Lease to which it is directed. For each particular Contract or Lease whose rejection is not timely or properly objected to, such rejection will be effective in accordance with this Notice and the Lease Rejection Procedures Order.

2

**For Claims Sent By U.S. Mail:**

United States Bankruptcy Court for the Southern District of New York
Calpine Corporation Claim Docketing Center
One Bowling Green Station
PO Box 5040
New York, NY  10274-5040

**For claims sent by overnight courier or hand delivery:**

United States Bankruptcy Court for the Southern District of New York
Calpine Corporation Claim Docketing Center
One Bowling Green Station
Room 534
New York, NY  10004

Dated: February 6, 2006

        Respectfully submitted,

        KIRKLAND & ELLIS LLP

        _/s/ Matthew A. Cantor_
        Richard M. Cieri (RC 6062)
        Matthew A. Cantor (MC 7727)
        KIRKLAND & ELLIS LLP
        153 East 53rd Street
        New York, New York  10022-4611
        Telephone:  (212) 446-4800
        Facsimile:  (212) 446-4900

        Counsel for the Debtors

## Exhibit A

## Executory Contract Rejection

| Debtor | Counterparty Notice Address | Type of Contract | Expiration Date | Monthly Obligations | Rejection Effective Date | Additional Notice Parties |
|---|---|---|---|---|---|---|
| Rumford Power Associates LP | Portland Natural Gas Transmission System<br>30 Monument Square<br>Concord, MA  01742<br>Fax: (508) 371-5656 | Gas Transportation Contract for Firm Transportation Service, dated as of February 12, 1998, and any amendments thereto | December 1, 2020 | $1.14 million | February 6, 2006 | Portland Natural Gas Transmission System (PNGTS)<br>c/o Elrod PLLC<br>Attn: David W. Elrod<br>         Craig Tadlock<br>500 N Akard Street, Ste 3000<br>Dallas, TX  75201<br>Fax: (214) 855-5183 |

Exh. A-1

# **EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Calpine Corporation, et al.,<br><br>                Debtors. | ) <br> ) <br> ) Chapter 11 <br> ) <br> ) Case No. 05-60200 (BRL) <br> ) Jointly Administered <br> ) |

**ORDER PURSUANT TO SECTIONS 365 AND 554 OF THE BANKRUPTCY CODE AUTHORIZING AND APPROVING EXPEDITED PROCEDURES FOR THE REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF PERSONAL AND NON-RESIDENTIAL REAL PROPERTY**

Upon consideration of the motion seeking entry of an order approving an expedited procedure for the rejection of executory contracts and unexpired leases of personal and non-residential real property (the "Motion")[1], filed by the debtors and debtors in possession (the "Debtors") in the above-captioned Chapter 11 Cases; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; and it appearing that this Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and due and adequate notice of the Motion having been given under the circumstances; and after due deliberation and cause appearing therefore; it is hereby ORDERED

1. The Motion is granted in its entirety.

2. The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

K&E 10866140.8

3. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

4. The Rejection Procedures are approved in connection with the rejection of any executory contract, lease or sublease, or interest in such lease or sublease of the Debtors during the Chapter 11 Cases as follows:

(a) The Debtors will file a Notice and will serve the Notice via overnight delivery service upon the Service Parties, advising such Service Parties of the Debtors' intent to reject the specified executory contract, lease, sublease, or interest, as well as the deadlines and procedures for filing objections to the Notice (as set forth below).

(b) The Notice shall set forth the following information, as applicable: (i) a general description of the terms of the executory contract or lease; (ii) the Debtors' monthly payment obligation, if any, under the contract, lease or sublease or interest in such lease or sublease; (iii) the remaining term of the contract, lease or sublease or interest in such lease or sublease; (iv) the name and address of the contract counter-party, landlord and/or subtenant, and, for any lease and/or sublease of real property or interest in such lease or sublease, the street address for the underlying real property, if known; and (v) a disclosure describing the procedures for filing objections, if any.

(c) Should a party in interest object to the proposed rejection by the Debtors of an executory contract, lease or sublease, or interest in such lease or sublease, such party must file and serve a written objection so that such objection is filed with this Court and is actually received by the following parties Notice Parties no later than ten (10) days after the date the Debtors serve the Notice.

(d) Absent an objection being filed within ten (10) days of the date the Debtors serve the Notice, the rejection of such executory contract, lease or sublease, or interest in such lease or sublease, shall become effective on the date the Notice was served on the Service Parties, or such other date as may be specified in the Notice without further notice, hearing or order of this Court.

(e) If a timely objection is filed that cannot be resolved, the Court will schedule a hearing to consider the objection only with respect to the rejection of any executory contract, lease or sublease, or interest in such lease or sublease, as to which an objection is properly filed and served. If the Court upholds the objection and determines the effective date of rejection of such executory contract, lease or sublease, or interest in such lease or sublease, that date shall be the Rejection Date. If such objection

is overruled or withdrawn or the Court does not determine the date of rejection, the Rejection Date of such lease, sublease or interest shall be deemed to have occurred on the date the Notice was served on the Service Parties.

5. Upon the rejection of an executory contract, lease or sublease, or interest in such lease or sublease, pursuant to this Order, all affected parties to such rejected executory contract, lease and/or sublease, or interest in such lease or sublease, shall be required to file a rejection damages claim, if any, by the later of (a) the claims bar date established in these Chapter 11 Cases, if any; and (b) thirty (30) days after the Rejection Date.

6. The relief granted herein shall continue to apply to any of the Debtors' affiliates and their respective estates that subsequently commence Chapter 11 cases without the need for any further requests or motions.

7. The requirement set forth in rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York that any motion or other request for relief be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

8. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: December 21, 2005
      New York, New York         /s/Burton R. Lifland
                                                United States Bankruptcy Judge