**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re<br><br>Calpine Corporation, <u>et</u> <u>al.</u>,<br><br>                                   Debtors. | )<br>)<br>) Chapter 11<br>)<br>) Case No. 05-60200 (BRL)<br>) Jointly Administered<br>) |

### ORDER (A) APPROVING THE ADEQUACY OF THE DEBTORS' DISCLOSURE STATEMENT; (B) APPROVING SOLICITATION AND NOTICE PROCEDURES WITH RESPECT TO CONFIRMATION OF THE DEBTORS' PROPOSED PLAN OF REORGANIZATION; (C) APPROVING THE FORM OF VARIOUS BALLOTS AND NOTICES IN CONNECTION THEREWITH; AND (D) SCHEDULING CERTAIN DATES WITH RESPECT THERETO

Upon the motion (the "Motion")[1] of the Debtors for entry of an Order: (a) approving the adequacy of the Disclosure Statement, (b) approving solicitation and notice procedures with respect to Confirmation of the Debtors' proposed Plan; (c) approving the forms of various ballots and notices in connection therewith; and (d) scheduling certain dates with respect thereto; it appearing that the relief requested is in the best interest of the Estates, their Creditors and other parties in interest; it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); it appearing that venue of the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of the Motion and the opportunity for a hearing on the Motion was appropriate under the particular circumstances and that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor,

---

[1] All capitalized terms used, but not defined herein, shall have the meaning attributed to such terms in the Plan, the Disclosure Statement, the Motion, or the Solicitation Procedures, as applicable.

K&E 12091507.12

THE COURT HEREBY FINDS AND DETERMINES THAT:[2]

      A.      The Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue of the Chapter 11 Cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

      B.      Notice of the Motion was proper and the objection and hearing dates with respect to the Disclosure Statement comply with the notice requirements of Bankruptcy Rule 2002(b).

      C.      The Disclosure Statement contains "adequate information" within the meaning of section 1125 of the Bankruptcy Code.

      D.      The Solicitation Procedures set forth in <u>Exhibit 1</u> to this Solicitation Procedures Order, which are incorporated herein by reference, provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code and Bankruptcy Rule 3018(a).

      E.      The materials to be provided in the Solicitation Packages satisfy the requirements of Bankruptcy Rule 3017(d).

      F.      The forms of the Ballots and Master Ballots, in substantially the form of the Ballots and Master Ballots, annexed hereto as <u>Exhibits 3 and 4</u>, are sufficiently

---

[2] This Order constitutes this Court's findings of fact and conclusions of law under Fed. R. Civ. P. 52, as made applicable by Bankruptcy Rules 7052 and 9014.  Any and all findings of fact shall constitute findings of fact even if they are stated as conclusions of law, and any and all conclusions of law shall constitute conclusions of law even if they are stated as findings of fact.

consistent with Official Form No. 14, with appropriate modifications to address the particular needs of the Chapter 11 Cases, and are appropriate for soliciting votes from Holders of Claims and Interests in the Voting Classes.

G. The schedule set forth below is sufficient to allow for delivery of the Solicitation Package to all Nominees with sufficient time to enable such Nominees to send Solicitation Packages to their Beneficial Holders and to enable said Beneficial Holders to return their Ballots to their Nominee for tabulation so that each Nominee can return its Master Ballot so it is received by the Voting Deadline.

H. The period, set forth below, during which the Debtors may solicit acceptances to the Plan is a reasonable period of time for Holders of Claims and Interests in Voting Classes to make an informed decision to accept or reject the Plan.

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1. The Motion is approved in its entirety.

2. The Disclosure Statement complies with all aspects of section 1125 of the Bankruptcy Code and Local Rule 3017-1(a) and is hereby approved as containing adequate information, as defined by section 1125(a) of the Bankruptcy Code.

3. The Debtors have provided adequate notice of the time fixed for filing objections and the hearing to consider approval of the Disclosure Statement in accordance with Bankruptcy Rules 2002 and 3017 and Local Rule 3020-1.

4. The Plan and Disclosure Statement provide Creditors, Interest Holders, and other parties in interest with sufficient notice regarding the injunction, exculpation, and release provisions contained in the Plan in compliance with Bankruptcy Rule 3016(c).

5. Any objections to approval of the Disclosure Statement that were not withdrawn at or prior to the hearing to consider approval of the Disclosure Statement are overruled, except as otherwise stated in this Order.

6. The Solicitation Procedures attached hereto as <u>Exhibit 1</u>, and incorporated by reference herein, are hereby approved.

7. The procedures for distribution of the Solicitation Packages set forth in the Motion and the Solicitation Procedures satisfy the requirements of the Bankruptcy Code and the Bankruptcy Rules, and the Debtors are directed to distribute or cause to be distributed Solicitation Packages to all Entities entitled to vote to accept or reject the Plan.

8. The form of the Debtors' letter to the Voting Classes, substantially in the form attached hereto as <u>Exhibit 2</u>, is hereby approved.

9. The forms of Ballots and Master Ballots, substantially in the forms attached hereto as <u>Exhibits 3 and 4</u>, are hereby approved.

10. Pursuant to Bankruptcy Rule 3017(a), Ballots and/or Master Ballots and copies of the Plan and Disclosure Statement need not be provided to the Holders of Claims and Interests who are Unimpaired or who are not classified under the Plan, and therefore are deemed to accept the Plan pursuant to section 1126(f) of the Bankruptcy Code.

11. The form of the voting instructions, substantially in the form attached to the Ballots and Master Ballots on Exhibits 3 and 4 attached hereto, are hereby approved.

12. The form of the Disputed Claim Notice, substantially in the form attached hereto as Exhibit 5, is hereby approved.

13. The form of the Non-Voting Status Notice, substantially in the form attached hereto as Exhibit 6, is hereby approved.

14. The Debtors shall be excused from mailing Solicitation Packages to those Entities to whom the Debtors mailed a notice regarding the Disclosure Statement Hearing and received a notice from the United States Postal Service or other carrier that such notice was undeliverable. If an Entity has changed its mailing address after the Petition Date, the burden shall be on such Entity, not the Debtors, to advise the Claims and Solicitation Agent of the new address.

15. September 27, 2007 shall be the Record Date for determining: (a) the Holders of Claims and Interests (including "holders of stocks, bonds, debentures, notes and other securities") that are entitled to receive the Solicitation Package pursuant to the Solicitation Procedures; (b) Holders of Claims and Interests entitled to vote to accept the Plan; and (c) whether Claims or Interests have been properly transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the Holder of a Claim or Interest.

16. The Deadline to send Solicitation Packages shall be October 5, 2007.

17. All votes to accept or reject the Plan must be cast by using the appropriate Ballot or Master Ballot.

18. All Ballots and Master Ballots must be properly executed, completed and delivered by: (a) first class mail, in the return envelope provided with each Ballot or Master Ballot; (b) overnight courier; or (c) personal delivery, so that the Ballots and Master Ballots are actually received, by the Claims and Solicitation Agent or the Special Voting Agent, as applicable, no later than the Voting Deadline at the return address set forth in the applicable Ballot or Master Ballot.

19. The Voting Deadline shall be 4:00 p.m. (Pacific Standard Time) on <u>November 30, 2007</u>.

20. The Plan Objection Deadline shall be 4:00 p.m. (Eastern Standard Time) on <u>November 30, 2007</u>.

21. The Deadline to file voting certification shall be 4:00 p.m. (Eastern Standard Time) on <u>December 12, 2007</u>.

22. Miller Buckfire shall update the Valuation Analysis no later than 10 days prior to the Voting Deadline to reflect Miller Buckfire's best professional judgment as to the New Calpine Total Enterprise Value as of that time.

23. Notwithstanding anything contained in the Disclosure Statement to the contrary, as set forth in the Plan, actual distributions under the Plan to Creditors and, if applicable, Equity Security Holders will be predicated on the New Calpine Total Enterprise Value as determined by the Bankruptcy Court. Neither a vote to accept the Plan by a Creditor or Equity Security Holder, nor the acceptance of the Plan by any class of Creditors or Equity Security Holders, shall in any way be deemed to (i) impair the right of a Creditor or Equity Security Holder, or ad hoc committee or official committee representing the interests of any class of Creditors or Equity

Security Holders to assert in connection with confirmation that the New Calpine Total Enterprise Value is different from the amount estimated by the Debtors or any other party or (ii) be deemed a waiver of any party's right to object to the Plan under Bankruptcy Code sections 1129(a)(7) or 1129(b)(2) based on valuation.

24. The following Deadlines shall apply to discovery relating to the Debtors' Plan:

   a. All written discovery must be served on or before <u>October 5, 2007</u>.

   b. Written responses and objections to written discovery must be served on or before <u>October 19, 2007</u>.

   c. All document productions must begin on a rolling basis no later than <u>October 26, 2007</u>.

   d. All third party subpoenas must be served on or before <u>November 8, 2007</u>.

   e. Depositions of fact witnesses may not occur prior to <u>November 8, 2007</u>.

   f. All parties shall designate all expert witnesses no later than <u>November 12</u>.

   g. All parties shall exchange expert reports on <u>November 19, 2007</u>.

   h. Parties shall not prepare or exchange rebuttal expert reports.

   i. Depositions of expert witnesses may not occur prior to <u>November 20, 2007</u>.

   j. All deposition notices must be served on or before <u>November 22, 2007</u>.

   k. All discovery shall be completed on or before <u>December 10, 2007</u>.

25. The following Deadlines shall apply for witness and exhibit lists and deposition designations for the Confirmation Hearing:

   a. All parties shall exchange preliminary witness lists on <u>November 20, 2007</u>.

    b.    All parties shall exchange exhibit lists and final witness lists on <u>December 11, 2007</u>.

    c.    All parties exchange deposition designations on <u>December 11, 2007</u>.

    d.    All parties exchange objections to deposition designations and counter-designations on <u>December 14, 2007</u>.

    e.    All parties exchange objections to counter-designations on <u>December 17, 2007</u>.

26. The Confirmation Hearing shall commence on December 18, 2007, shall continue on <u>December 19-20 and 27, 2007</u>, and may be continued from time to time without further notice other than adjournments announced in open court.

27. The form of the Confirmation Hearing Notice, substantially in the form attached hereto as <u>Exhibit 7</u>, complies with the requirements of Bankruptcy Rules 2002(b), 2002(d) and 3017(d) and is hereby approved.

28. Any objections to the Plan must be filed by the Plan Objection Deadline and must be: (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules; (c) state the name and address of the objecting party and the amount and nature of the Claim or Interest of such Entity; (d) state with particularity the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection. Any objections to the Plan must be filed, together with proof of service, with the Bankruptcy Court and served so that they are actually received, no later Plan Objection Deadline, by the following parties: (a) counsel to the Debtors, Kirkland and Ellis LLP, Citigroup Center, 153 East 53rd Street, New York, New York 10022, Attn.: Richard M. Cieri, and Kirkland & Ellis LLP, AON Center, 200 East Randolph Drive, Chicago, Illinois 60601, Attn.: Marc Kieselstein, David R. Seligman; James J. Mazza, Jr. (b) the United States Trustee, 33

Whitehall Street, 21st Floor, New York, New York 10004, Attn.: Paul Schwartzberg; (c) counsel to the Creditors' Committee, Akin Gump Strauss Hauer & Feld LLP, 590 Madison Avenue, New York, New York 10022-2524, Attn.: Michael S. Stamer, Philip C. Dublin, Alexis Freeman; (d) counsel to the Second Lien Ad Hoc Committee, Paul Weiss Rifkind Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019-6064, Attn.: Alan W. Kornberg, Andrew N. Rosenberg, Elizabeth R. McColm; and (e) counsel to the Equity Committee of, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004, Attn.: Brad E. Scheler, Gary L. Kaplan.

29. The form of the Notice to Parties of Retained Causes of Action, substantially in the form attached hereto as Exhibit 8, is hereby approved.

30. The form of the Notice to Counterparties to Executory Contracts and Unexpired Leases, substantially in the form attached hereto as Exhibit 9, is hereby approved.

31. The Distribution Record Date shall be the date the Confirmation Order is entered, except with respect to Claims and Interests based on publicly-traded securities, which are subject to the surrender provisions of Article VII.D.10 of the Plan.

32. The terms of this Order shall be binding upon the Debtors, all Holders of Claims and Interests, and any trustees appointed under chapter 7 or chapter 11 of the Bankruptcy Code relating to the Debtors, and all other parties in interest.

33. Pursuant to section 502(c) of the Bankruptcy Code and Bankruptcy Rule 3018(a), the Claims of Portland Natural Gas Transmission System [Claim Nos. 4769 and 4773], Gas Transmission Northwest Corporation [Claim Nos. 4562, 5912, 5914, 5927, 5928, and 5929],

and TransCanada Pipelines Ltd. and Nova Gas Transmission Ltd. [Claim Nos. 5325, 5635, 5636, 5637, 5638, 5639, 5640, 5641, 5645, 5646, 5647, 5648, 5649, and 5650] shall be estimated for voting purposes as follows: (a) the Claims of Portland Natural Gas Transmission System are estimated in the aggregate at $174 million; (b) the Claims of Gas Transmission Northwest Corporation are estimated in the aggregate at $300 million; and (c) the Claims of TransCanada Pipelines Ltd. and Nova Gas Transmission Ltd. are estimated in the aggregate at $76 million.  Pursuant to section 502(c) of the Bankruptcy Code, the Claims of Portland Natural Gas Transmission System [Claim Nos. 4769 and 4773], Gas Transmission Northwest Corporation [Claim Nos. 4562, 5912, 5914, 5927, 5928, and 5929], and TransCanada Pipelines Ltd. and Nova Gas Transmission Ltd. [Claim Nos. 5325, 5635, 5636, 5637, 5638, 5639, 5640, 5641, 5645, 5646, 5647, 5648, 5649, and 5650] shall be estimated for purposes of establishing reserves of New Calpine Common Stock under Articles VI.C and VII.C.3 of the Plan as follows: (a) the Claims of Portland Natural Gas Transmission System are estimated in the aggregate at $174 million; (b) the Claims of Gas Transmission Northwest Corporation are estimated in the aggregate at $300 million; and (c) the Claims of TransCanada Pipelines Ltd. and Nova Gas Transmission Ltd. are estimated in the aggregate at $76 million; <u>provided</u>, <u>however</u>, that the amounts reserved for payment of such Claims may only be adjusted by Court order.  The Debtors agree that Portland Natural Gas Transmission System, Gas Transmission Northwest Corporation, TransCanada Pipelines Ltd., and Nova Gas Transmission Ltd. reserve all of their rights to object to Confirmation, including without limitation the grounds asserted in their objections to the Disclosure Statement.  The parties reserve all of their rights to pursue all of the claims and any objections thereto, including any objections to the value of the claims.

34. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

35. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

36. The requirement set forth in Local Rule 9013-1(b) that any motion or other request for relief be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

37. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, the terms and conditions of this order shall be immediately effective and enforceable upon its entry.

38. This Court shall retain jurisdiction, even after the closing of the Chapter 11 Cases, with respect to all matters arising from or related to the implementation of this Order, including adjustment to any of the dates provided for herein.

Dated:  New York, New York
       September 26, 2007                /s/Burton R. Lifland
                                                    United States Bankruptcy Judge